UNITED STATES COURT OF APPEALS
**Filed 12/18/95**
TENTH CIRCUIT

GORDON R. REUELL, JR.,                    )
                                          )
   Plaintiff-Appellant,                   )
                                          )
                                          )        No.  95-1335
v.                                        )     (D.C. No. 94-K-2013)
                                          )        (D. Colo.)
ROBERT J. FURLONG, LCF; D. LAWSON,        )
Dir. Med. Serv.; ROLAND HANNON, P.A.;     )
JOHN HUNSTED, P.A.; A.W. ZAVARAS,         )
Dir. DOC; BEN GRIEGO; R. CARTER, Capt.;   )
J. MARTINDALE, Lt.; G.J. GAYLORD, Lt.;    )
SGT. COMPTON; J. BOWKER,                   )
                                          )
   Defendants-Appellees.                  )

ORDER AND JUDGMENT[*]

Before **SEYMOUR**, Chief Judge, **McKAY** and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993.  151 F.R.D. 470.

Gordon R. Reuell, Jr. appeals the district court's dismissal of his civil rights action. We affirm.

Mr. Reuell is incarcerated at Limon Correctional Facility, a facility in the Colorado Department of Corrections. His allegations of civil rights violations are diverse, but they primarily implicate the Eighth Amendment. Mr. Reuell contends that his medical status was incorrectly changed, requiring him to work in the kitchen; that he was improperly moved from a single to a double cell; that he was celled with a smoker; that his oxygen equipment, which he must use to breathe at night, was effectively denied him because a refill was not ordered; that he was denied needed medication and special shoes. He also asserts that defendants variously retaliated against him.[1] He seeks money damages as well as injunctive relief.

On appeal, Mr. Reuell argues that significant questions of fact should have precluded a grant of summary judgment. The burden he must meet has been delineated in several Supreme Court opinions. "'After incarceration, only the "unnecessary and wanton infliction of pain" . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment.' . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual

---

[1] On appeal, Mr. Reuell also maintains, inter alia, that he was denied access to medical records. As this argument was not raised below, we decline to reach it. Oyler v. Allenbrand, 23 F.3d 292, 299 n.8 (10th Cir. 1994). Nor do we reach any other new arguments or consider new evidence provided to us for the first time on appeal in Mr. Reuell's several supplemental filings.

Punishments Clause . . . ." Whitley v. Albers, 475 U.S. 312, 319 (1986) (quoting

Ingraham v. Wright, 430 U.S. 651, 670 (1977)). See also Estelle v. Gamble, 429 U.S. 97

(1976); Wilson v. Seiter, 501 U.S. 294 (1991); Helling v. McKinney, 113 S. Ct. 2475

(1993).

After a thorough consideration of the record, it is apparent that Mr. Reuell's

allegations cannot constitute a violation of the Eighth Amendment. Although Mr. Reuell

summarily claims that this standard has been met, he has not provided any support for his

assertions. In the proceedings below, defendants supplied convincing explanations of the

events surrounding many of Mr. Reuell's claims. For the most part, Mr. Reuell simply

labels these explanations as deception. To the extent that he identifies alleged mistakes in

defendants' explanations of the events, these discrepancies do not meet the burden

required to show an Eighth Amendment violation.[2]

We AFFIRM substantially for the reasons given by the magistrate in his

Recommendation filed July 19, 1995, as amended by the District Court in its July 25,

1995 Order of Dismissal.. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[2] Insofar as Mr. Reuell's allegations might be read as setting out a claim for the violation of his Sixth Amendment rights of access to the courts, they are conclusory and unsupported by the evidence.

-3-